

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2007

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5512

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lin v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1133.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1133

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5512

RU LIN,

Petitioner,

v.

ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent.

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA File No. A78-016-035

Argued March 1, 2007

BEFORE: SCIRICA, Chief Judge, McKEE and NOONAN[*], Circuit Judges

(Filed: May 7, 2007)

STUART ALTMAN, ESQ. (Argued)
264 East Broadway
Suite 1003C
New York, NY 10002

---

[*]The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth
Judicial Circuit, sitting by designation.

LIU YU, ESQ.
Law Offices of Yu & Associates, PLLC
401 Broadway, Suite 506
New York, New York 10013

Attorneys for Petitioner


K.T. NEWTON, ESQ. (Argued)
Assistant United States Attorney
PATRICK L. MEEHAN
United States Attorney
VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division
615 Chestnut Street
Philadelphia, PA 19106

ERICA B. MILES, ESQ.
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Attorneys for Respondent

---

OPINION

---

McKEE, Circuit Judge.

Petitioner Ru Lin, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals affirming the Immigration Judge's denial of her application for asylum, withholding of removal and relief under the Convention Against

Torture ("CAT").  For the reasons that follow, we will deny Lin's petition for review.[1]

## I.

We assume the parties' familiarity with the facts and proceedings below and therefore set forth only those facts necessary for our brief discussion.

Lin testified before the IJ that government family planning officials harassed her by frequently visiting her home and workplace, and requesting that she submit to a gynecological examination to determine if she was pregnant.  Lin refused to undergo the examinations because she believed that they violated her right of privacy as well as basic human rights.  The IJ found Lin's testimony credible, but concluded that she had nevertheless failed to carry her burden of showing past persecution or a well-founded fear of future persecution.  The IJ reasoned that repeated requests to submit to a gynecological exam did not rise to the level of "persecution."  The BIA adopted and affirmed the decision of the IJ.[2]

## II.

---

[1] We have jurisdiction to review the final order of the BIA under 8 U.S.C. § 1252. When the BIA adopts the decision of the Immigration Judge, this Court reviews the decision of the IJ.  *Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004) (citing *Abdulai v. Ashcroft*, 239 F.3d 542, 549 n.2 (3d Cir. 2001)).

[2] In adopting the IJ's decision, the BIA noted that, on appeal, Lin contended that "the Chinese government forced her to be stripped naked regularly and constantly, for involuntary gynecological exam to make sure she is not pregnant."  Joint Appendix ("J.A.") at 2.  In fact, the Board notes, Lin never testified that she was required to report for an exam. Rather, she testified that, although she was told to report for an exam, she never went and was never forced to submit to one.

Lin seeks protection under the 1996 amendment to the Immigration & Nationality Act ("INA"), 8 U.S.C. § 1101(a)(42)(A), which amended the definition of "refugee" to include those individuals subject to China's coercive family planning policies. The provision reads as follows:

> [A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42)(B).

In resolving asylum claims under the statute, the IJ must first determine whether the applicant has been persecuted in the past or has a well-founded fear of future persecution. If the alien establishes either past persecution or a well-founded fear of future persecution, the IJ must then determine if that persecution was "on account of" the alien's "resistance" to a "coercive population control program." *See, e.g., Li v. Aschcroft*, 356 F.3d 1153, 1158-61 (9th Cir. 2004). If the basis for the application is a well-founded fear of future persecution, the alien must establish both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987).

## A. Past Persecution

Substantial evidence supports the IJ's determination that Lin does not qualify for asylum based upon past persecution. To establish eligibility for asylum based on past

persecution Lin must first show that she suffered "one or more incidents rising to the level of persecution[.]" *Mulanga v. Ashcroft*, 349 F.3d 123, 132 (3d Cir. 2003).

Lin's evidence of past persecution consisted of her credible testimony that Chinese family planning officials harassed her by visiting her workplace and her home every day as a means of pressuring her to submit to a gynecological exam. We recognized in *Li v. Attorney General*, that unfulfilled threats must be of a highly imminent and menacing nature in order to rise to the level of persecution. 400 F.3d 157, 164 (3d Cir. 2005) (citing *Boykov v. INS*, 109 F.3d 413, 416-17 (7th Cir. 1997). The petitioner there alleged threats of physical mistreatment, detention and sterilization. *Id.* at 165. While we acknowledged that the threats were "certainly disturbing," we concluded that they were not "sufficiently imminent or concrete . . . to be considered past persecution." *Id.*; *see also Boykov*, 109 F.3d at 416 ("mere threats will not, in and of themselves, compel a finding of past persecution."); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats, even repeated death threats, do not qualify as past persecution unless they are so menacing they cause significant actual harm).[3]

The threats relied on here are far less menacing than the threats that fell short in *Li*. Lin does not allege threats of physical mistreatment, detention or sterilization. Rather, she is claiming either that the family planning officials' visits could themselves be

---

[3] In general, unfulfilled threats are "'within that category of conduct indicative of a danger of future persecution.'" *Li*, 400 F.3d at 165 n.3 (quoting *Lim*, 224 F.3d at 936; *see also Boykov*, 109 F.3d at 416).

5

considered persecution, or that they are tantamount to a threat of an unwanted gynecological examination in the future which establishes a well-founded fear of persecution. She does not allege, however, that the officials threatened to forcibly examine her if she did not submit or that she was threatened with imprisonment or permanent loss of employment if she refused.[4]

While we acknowledge that the threat of an uninvited procedure as physically intrusive as a gynecological exam is disturbing, the events Lin described in her testimony were both less imminent and less menacing than the threats described in *Boykov, Lim* and *Li v. Attorney General*, and the threats in those cases did not rise to the level of past persecution. Accordingly, we cannot conclude that the unfulfilled threats described by Lin meet the standard for past persecution.

Lin urges us to adopt and apply the analysis of the Court of Appeals for the Ninth Circuit in *Li v. Ashcroft*, 356 F.3d 1153 (9th Cir. 2004). There the court interpreted

---

[4] Lin argues on appeal that she was labeled a "bad girl" by the family planning officials and that she was unable to maintain employment when she escaped to another province as a direct result of her refusal to submit to the exam. However, Lin did not make that argument to the BIA. She only made it to the IJ. Accordingly, she has waived any claim that concerns about future economic harm constitute a well-founded fear of future persecution. *See* 8 U.S.C. § 1252(d)(1) (2005); *see also Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005) ("To exhaust a claim . . . an applicant must first raise the issue before the BIA or IJ."); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003) ("[A]n alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim."); *Alleyne v. INS*, 879 F.2d 1177, 1182 (3d Cir. 1989) (noting that the exhaustion requirement "bars consideration of particular questions not raised in an appeal to the Board").

"other resistance" to include opposition to forced pregnancy examinations administered under China's coercive family planning policy. The IJ here correctly noted that we have not yet had occasion to consider the parameters of "other resistance to a coercive population control program" under 8 U.S.C. § 1101(a)(42)(B). However, we need not reach the issue of "other resistance" because the harm Lin alleges is not tantamount to persecution.

Unlike the case before us, in *Li* the petitioner was able to meet her burden of establishing that the treatment involved rose to the level of persecution. *Li*, 356 F.3d at 1159. There, government officials "made good" on threats that she would "pay" for her announced opposition to the family planning policy. *Id.* at 1158. Officials forcibly took Li to a birth control center where she was subjected to a "crude and aggressive" gynecological exam while being held down by two nurses. *Id.* The examination continued for half an hour despite Li's "vehement protests." *Id.* When officials realized that Li was not pregnant, they told her that she could be subjected to the same examination at any time in the future and that if a subsequent examination discovered a pregnancy she would be forced to have an abortion and her boyfriend would be sterilized. *Id.* The court concluded that the "timing and physical force" associated with the exam "compel[led] the conclusion that its purpose was intimidation and not legitimate medical practice." *Id.* In fact, her treatment at the hands of family planning officials was characterized as "rape-like." *Id.* at n.4 (citing *Lopez-Galarza v. INS*, 99 F.3d 954 (9th Cir. 1996) (recognizing that rape may constitute persecution)).

In contrast, Lin's evidence of persecution consists of frequent visits by family planning officials who repeatedly asked her to submit to an exam. Though we may view such official harassment by the government as odious, it does not *compel* a conclusion that the conduct was persecution.

A "rape-like," "forced gynecological examination lasting thirty minutes and attended by threats does not meet any civilized understanding of a routine medical procedure," *id.* at n.2, and can readily satisfy the statutory requirement of persecution. However, fears of official visits to one's home and workplace or concerns that the community would look down on an unmarried woman for submitting to a gynecological exam, does not rise to that level. Indeed, Lin admits that if she were to attend the examination she does not know what would happen.

## B.    Future Persecution

Past threats that do not rise to the level of past persecution can be indicative of a danger of future persecution. *Li*, 400 F.3d at 165, n.3. The IJ found that Lin testified credibly and therefore the subjective prong of our inquiry into a well-founded fear of future persecution is satisfied.

The objective prong requires Lin to show the reasonableness of her fear of persecution. *Li Wu Lin v. INS*, 238 F.3d 239, 244 (3d Cir. 2001). Here again, the IJ's rejection of Lin's claim is supported by substantial evidence.

Lin cites her refusal to submit to the exams required by the local family planning officials, their harassment of her at home and at work, and the 2003 State Department

8

Country Report as objective evidence of her well-founded fear of persecution.

As explained above, Lin's testimony does not compel a finding that her fear of future persecution is reasonable because the treatment she fears does not rise to the level of persecution. There is no evidence that she will be forcibly examined in a manner that would constitute persecution. She provided no evidence that she would be subjected to a forced exam or other harsh treatment. *See Boykov*, 109 F.3d at 417 (finding no reasonable basis to believe alien would be persecuted upon return to Bolivia where court determined past treatment did not amount to persecution and she presented no evidence that she would suffer less humane treatment if returned). Lin's claim also fails to find objective support in the 2003 State Department Country Report.

Under our deferential standard of review, we find substantial evidence also supports the conclusion that Lin did not have an objectively well-founded fear of future persecution.

## III.

Lin also appeals the denial of her claims for withholding of removal and relief under the Convention Against Torture. Because both claims require meeting a significantly higher burden of proof than a claim for asylum, we also affirm the decision to deny these claims. *See Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir. 2004) ("An alien who fails to establish that he or she has a well-founded fear of persecution, so as to be eligible for a grant of asylum, necessarily will fail to establish the right to withholding of removal."); *Wang v. Ashcroft*, 368 F.3d 347, 349 (3d Cir. 2004) ("the standard for

9

invocation of the CAT is more stringent than the standard for granting asylum.").

**IV.**

For the reasons set forth above, we conclude that the IJ's rejection of Lin's claim for relief under the INA, and under the Convention Against Torture is supported by substantial evidence. Accordingly, we will affirm the decision of the BIA.